UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIERRA DAVIS

      Plaintiff,

vs.

CASE NO.

8:16cv 2602T 35 JSS

AARON'S SALES & LEASE OWNERSHIP, INC.
d/b/a AARON'S, INC.

      Defendant.
_____/

## COMPLAINT

Plaintiff, Tierra Davis ("Plaintiff"), allege the following Complaint against Defendant, Aaron's Sales & Lease Ownership, Inc. ("Defendant").

1. This is an action for damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

## PARTIES

1. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2).

2. Defendant is a foreign company with its principal place of business in Georgia. Defendant has a registered agent located in the state of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

3. Defendant is a "person" subject to regulation under Fla. Stat. § 559.72.

4. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (813-XXX-7450), and was the called party and recipient of Defendant's autodialer calls.

-1-



## FACTUAL ALLEGATIONS

2.  Defendant is in the business of selling and leasing furniture to consumers for household purposes.

3.  In or around late August, 2016, Plaintiff began leasing household furniture from Defendant (hereinafter 'Subject Debt").

4.  All of the furniture leased by Plaintiff was used primarily for personal, family, and/or household purposes.

5.  In or around August, 2016, Plaintiff fell behind on her lease payments due to personal financial difficulties.

6.  As soon as Plaintiff fell behind on her lease payments, Defendant began a campaign of harassment, abuse and intimidation tactics in order to coerce Plaintiffs to make payments.

7.  Defendant began autodialing Plaintiff's cell phone in an attempt to collect the subject debt.

8.  During the week of August 22, 2016, Defendant autodialed Plaintiff's cell phone numerous times in an attempt to collect the subject debt.

9.  Plaintiff informed Defendant that she was struggling financially due to a decrease in her work hours, but that she would make a payment on August 30, 2016. Plaintiff requested Defendant to stop calling her cell phone.

10. Further, Defendant called some of Plaintiff's family members and friends in an attempt to collect the subject debt.

11. On August 25, 2016, at approximately 12:43 p.m., Plaintiff called Defendant and again informed them of her financial circumstances. She told them to stop calling her family

members and friends, that she would make a payment on August 30, 2016, and requested they stop calling her cell phone.

12. Disregarding her request, Defendant autodialed Plaintiff's cell phone on August 25, 2016, at approximately 12:47 p.m. and attempted to collect the subject debt. Again, Plaintiff requested Defendant to stop calling her cell phone.

13. On August 26, 2016 at approximately 6:18 p.m., Defendant autodialed Plaintiff's cell in an attempt to collect the subject debt. Again, Plaintiff informed them of her financial circumstances. She told them to stop calling her family members and friends, that she would make a payment on August 30, 2016, and requested they stop calling her cell phone.

14. On August 26, 2016 at approximately 6:20 p.m., Defendant autodialed Plaintiff's cell in an attempt to collect the subject debt. Again, Plaintiff informed them of her financial circumstances. She told them to stop calling her family members and friends, that she would make a payment on August 30, 2016, and requested they stop calling her cell phone.

15. On August 30, 2016 at approximately 8:46 a.m., Defendant autodialed Plaintiff's cell in an attempt to collect the subject debt. She requested they stop calling her cell phone.

16. On August 30, 2016 at approximately 8:48 a.m., Defendant autodialed Plaintiff's cell in an attempt to collect the subject debt.

17. On August 30, 2016 at approximately 8:49 a.m., Defendant autodialed Plaintiff's cell in an attempt to collect the subject debt. She requested they stop calling her cell phone.

18. On August 30, 2016 at approximately 8:52 a.m., Plaintiff called Defendant and told them to stop calling her cell phone and that she was at one of their locations to make a payment, as she promised.

19. All of Defendant's autodialer calls came from 813-246-5316.

20. During some of these calls, Defendant threatened Plaintiff with legal action knowing due to the amount of the subject debt, they would never pursue legal action.

21. Despite Plaintiff informing the Defendant for her reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, the Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

22. Defendant's repeated calls to Plaintiff have caused her distress, mental anguish, anger, frustration, and anxiety.

23. Further, Defendant's calls to her family members and friends have caused her embarrassment.

24. When Defendant autodialed Plaintiff's cell phone, she would answer and say "hello" a few times before Defendant would respond. This is a common indicator that Defendant was using an automatic telephone dialing system to call Plaintiff's cell phone.

## COUNT I

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.*

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully stated herein.

26. The foregoing conduct of Defendant constitutes a violation of the FCCPA:

    a. Fla. Stat. 559.72(5): Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for creditworthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that information is false.

    b. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any

member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

27. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, plus actual damages and her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper

## COUNT II

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

28. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully stated herein.

29. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

30. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

31. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

32. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the

TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

33.   Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to her cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

/s/ 
Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
2820 1st Avenue North
St. Petersburg, Florida 33713
(727) 344-0123(office)
*Attorneys for Plaintiff*